## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **JON MARK JOHNSON,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. W-6:17-CR-268** |
| | § | |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

### ORDER

Before the Court is pro se Movant Jon Mark Johnson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion"), filed on November 12, 2020. ECF No. 78. The government responded on March 1, 2021. ECF No. 99. Jacobs replied on May 3, 2021. ECF No. 106. For the following reasons, Jacobs's § 2255 Motion is **DENIED**.

### I.   Procedural History

On November 14, 2017, a federal grand jury sitting in Waco indicted Johnson. ECF No. 12. The indictment charged Johnson with one count of Possession of Visual Depictions of Sexual Activities by Minors in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & (b)(2). *Id*. Johnson pleaded guilty on April 24, 2018. ECF No. 62 at 10-11. On November 14, 2018, the Court sentenced Johnson to 180 months in prison, to be followed by a 5-year term of supervised release, and a $100 special assessment.

Johnson's § 2255 Motion asserts four grounds for relief. ECF No. 78. Ground one alleges that the variant sentence the Court imposed violated Johnson's constitutional rights because the Court did not provide the proper notice or justification required by Federal Rule of Criminal Procedure (FRCRP) 32(h). *Id*. at 4, 13-14; ECF No. 106 at 61. Ground two asserts that the criminal indictment of a Temple Police Department (TPD) detective that worked on Johnson's case

retroactively tainted the investigation. ECF No. 78 at 5, 14. Grounds three and four allege ineffective assistance of counsel from Johnson's trial attorneys Stephen DeBye and Steven Striegler, respectively. *Id*. at 6-7, 15-16.

## II. Factual Background

After briefly outlining the underlying behavior that resulted in Johnson's imprisonment, the Court will summarize the facts pertinent to each of Johnson's grounds for relief.

According to the pre-sentence report (PSR), the TPD received a complaint from Johnson's stepdaughter that Johnson had surreptitiously recorded her taking a bath. ECF No. 99 at 1. The TPD secured a warrant to search Johnson's residence; however, Johnson destroyed some disks and wiped a hard drive before the warrant was executed. *Id*. Despite his efforts, investigators seized a bevy of electronic media, among which they found nearly 6000 images depicting prepubescent minors engaged in sexual acts. ECF No. 99-1 at 9. During the interview upon which the PSR was formed, Johnson admitted to possessing child pornography and destroying the disks. ECF No. 99 at 2. He also admitted to illicitly recording his stepdaughter and tenants at his various rental properties in every stage of undress. ECF No. 99-1 at 8.

### A. The Court's sentence constituted an upward variance from the sentencing guidelines, and Johnson was told the grounds for this variance.

After Johnson pleaded guilty to the offense, he essentially had three sentencing hearings before the Court. ECF No. 61; ECF No. 63; ECF No. 64. During his first hearing on September 27, 2018, the Court informed Johnson that it intended to make an upward departure from the sentencing guidelines of 78-97 months:

> I have considered the factors of 18 United States Code § 3553, for example … to afford adequate deterrence to criminal conduct, and to protect the public from further crimes.
>
> I am putting you on notice that I don't believe that the sentencing Guideline range of 78 to 97 months adequately affects the seriousness of your crime, and I intend to give you a higher sentence than that.

ECF No. 61 at 15-16. During his second hearing on November 14, 2018, Johnson apologized to his family for his conduct, but he did not apologize to the named victims of the child pornography he possessed or the victims of his surreptitious bathroom recordings (including his own stepdaughter). ECF No. 63. In fact, he justified his actions as a remedy for his persistent erectile dysfunction. *Id*. Due to his lack of remorse and the fact that he intentionally victimized others via his illicit recordings, the Court imposed a 180-month sentence, departing significantly from the guideline maximum. *Id*. In the sentence hearing's continuation on November 27, the Court reiterated:

> I find that the maximum amount of time that I could impose under the sentencing guidelines would be inadequate to … capture the crimes with which this gentleman is charged. I find the number of photos to be exceptionally high … He also conducted surreptitious videotaping of children or at least put up a camera in a bathroom in an attempt to commit surreptitious recording of children. He put up video cameras in establishments that he owned, and I believe that reflects -- needs to be reflected in terms of punishment for the offense, even this offense with which he's charged.

> I find that both the acts with which he's charged as well as the explanation that he gave during the sentencing hearing in this case confirmed at least to me that were he to get out again, he would commit similar crimes again in the future. Therefore part of the sentence that I gave him was an effort to make sure that he was in prison for as long a time as possible to deter him from future criminal conduct … I want to protect the public from future crimes of the defendant.

ECF No. 64 at 3. When given the opportunity in open court, the defendant never objected to any of the findings in the PSR that the Court used to justify its upward departure.

**B. TPD Detective Brandon Mathiews, who helped execute a warrant on Johnson's residence, was later indicted and charged with various sex offenses.**

After receiving the complaint from Johnson's stepdaughter, TPD obtained and executed a search warrant of Johnson's residence on October 2, 2017. ECF No. 99-7 at 2. Among the officers present during the warrant's execution was TPD Detective Brandon Mathiews. *Id*. Mathiews was a crime scene technician, and his sole duty during the execution of the warrant was to photograph the residence with the assistance of a scribe. *Id*. Additionally, Mathiews would never have been left alone in the residence, and he only submitted one of the over 100 pieces of evidence seized from Johnson's residence. *Id*. at 3. Johnson makes several unclear allegations to the contrary; he

states that Mathiews was alone in his residence at some point, that Mathiews did not have a scribe with him, and that Mathiews collected much more of the evidence against him. ECF No. 99. However, beyond Johnson's assertion, he does not provide evidence proving these allegations. *Id*.

The record is devoid of any evidence that indicates that Mathiews was derelict in his duties or that he tampered with the crime scene. However, on March 6, 2019, Mathiews was indicted and charged with three felony sex crimes related to minors: sexual contact with a 14-year-old; invasive recording of a 16-year-old; and possession of child pornography. ECF No. 106 at 90. The criminal allegations against Mathiews surfaced in November 2018, more than one year after Mathiews helped execute the search warrant of Johnson's residence.

### C. Stephen DeBye, Johnson's first trial attorney, explained the charge against Johnson and discontinued his counsel after leaving the firm Johnson hired to represent him.

In October 2017, Johnson retained Magana & Assoc., P.C. to represent him at trial. ECF No. 99-3 at 2. Stephen DeBye, the only attorney at Magana & Assoc. licensed to practice before the Court, was assigned to Johnson's case. *Id*. DeBye met with Johnson and his mother Carol several times, and DeBye made several court appearances and filed several motions on Johnson's behalf. *Id*. at 2-3. During a status conference on November 25, 2017, DeBye reached a favorable agreement with the government that Johnson be moved to a halfway house as soon as a spot became available. *Id*. In January 2018, he filed a Motion to Continue, delaying plea hearings and the trial date to April and May 2018. *Id*. at 3. On February 28, 2018, DeBye resigned from Magana & Assoc., and his case was transferred to attorney Steven Striegler on March 20, 2018. *Id*. The court granted DeBye's Motion to Withdraw on March 21.

According to DeBye's sworn affidavit, he explained (and Johnson understood) the charge against Johnson, which was possession of child pornography. *Id*. Johnson knowingly waived the preliminary hearing because he understood the charge. *Id*. Johnson explicitly stated that he

understood his stepdaughter filed a complaint alleging he recorded her in the bathroom and that the police unearthed thousands of images of child pornography when they executed a search warrant of his residence. *Id*. at 3-4. Furthermore, DeBye showed Johnson what little discovery was available to him. *Id*. at 4-5. Because the items seized from Johnson's residence were so voluminous, the government never finished cataloguing everything while DeBye represented Johnson. *Id*. In any event, DeBye would not be given a hard copy of the evidence against Johnson because it dealt with child pornography; he would only be permitted to review the evidence and take notes. *Id*.

Johnson's assertions to the contrary are supported only by the conclusory statements made in his motion and his reply to the government's response. ECF No. 78 at 7, 15; ECF No. 106-1.

**D. Steven Striegler, Johnson's second trial attorney, explained the charge against Johnson, advised him to plead guilty, advised him to appear remorseful during his sentencing hearings, and helped reduce his sentence.**

Following DeBye's withdrawal, Steven Striegler represented Johnson from March 20 onwards. ECF No. 99-3 at 2. According to Striegler's sworn affidavit, he explained to Johnson the nature and consequences of the charge levelled against him. ECF No. 99-4 at 2. This statement is evidenced by Johnson's statement in open court that he understood the charge. ECF No. 62. Furthermore, Striegler reviewed the government's evidence against Johnson and, considering its weightiness, advised Johnson to plead guilty. ECF No. 99-4 at 2. Had Johnson not pleaded guilty, Striegler hypothesizes that the government would have also indicted him with production of pornography charges, which would have carried more grievous sanctions. *Id*. Additionally, Striegler advised Johnson to remain largely silent and appear remorseful at sentencing; Johnson did not take this advice, given his elocutions during sentencing. *Id*. This failure to heed Striegler's (and the Court's) advice contributed to the Court imposing the sentence variance that Johnson

contests in ground one of his § 2255 Motion. ECF No. 63; ECF No. 64. In fact, the court put some downward pressure thanks to Striegler's insistence that the Court consider Johnson's ill health. ECF No. 99 at 18. But for Striegler's counsel, the Court would likely have imposed an even harsher sentence.

## III. Discussion

Each of Johnson's grounds for relief under § 2255 are meritless and will be discussed in turn.

### A. Imposing a sentence variance does not create a cognizable claim under § 2255 and the Court complied with FRCRP 32(h).

Johnson's first grounds for relief does not state a cognizable claim under most of § 2255. Section 2255(a) states, in relevant part, that a prisoner may move to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States … or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). The maximum sentence for this offense (if the defendant is a first-time offender) is 20 years. 18 U.S.C. § 2252(b)(1). Johnson's sentence of 180 months (15 years) does not exceed the maximum authorized by law. Furthermore, Johnson's assertion that the sentence variance violates his constitutional rights is conclusory and baseless.

The only cognizable part of ground one is Johnson's claim that the Court violated FRCRP 32(h), which has the force and effect of law because it was drafted pursuant to the Rules Enabling Act. FRCRP 32(h) states,

> [b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Fed R. Crim. P. 32(h). Johnson alleges that he never received notice of the reasons for the Court's upward departure. ECF No. 106 at 61. However, this allegation has no basis in the record.

In Johnson's first sentencing hearing, Johnson was told that the Court intended to give an upward variance and explained the reasons why the Court intended to do so. ECF No. 61. The Court reiterated its reasons during both of Johnson's subsequent hearings as well. ECF No. 63; ECF No. 64. When given the opportunity in open court to object to the facts in the PSR the Court used to justify its upward departure, Johnson neglected to do so. ECF No. 63 at 4. Johnson does not present an iota of evidence (apart from his own insistence that he received no notice) sustaining his allegation that the Court violated FRCRP 32(h); thus, his claim is meritless. Even if it were not meritless, Johnson did not raise this issue on appeal, which precludes the court from granting his § 2255 motion on that basis. ECF No. 78; *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962))

Therefore, ground one is meritless and is **DENIED**.

**B. Criminal malfeasance of an investigating officer, absent any evidence that the officer tainted the investigation, does not present a cognizable claim under § 2255.**

Johnson's second ground for relief simply does not present a cognizable claim under § 2255. Subsection (a) lists all the grounds under which a § 2255 motion can be made: "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Mathiews's alleged criminal acts do not make the sentence unlawful, they do not rob the Court of its jurisdiction, nor do they make the sentence exceed the statutory maximum. Furthermore, Johnson does not illustrate how Mathiews's alleged criminal conduct makes his sentence subject to collateral attack. If there were evidence connecting Mathiews's crimes to unlawful and injurious malfeasance during the execution of the warrant on Johnson's residence, then perhaps Johnson would have a claim under § 2255. However, as it stands, Johnson has not provided any concrete

evidence indicating that Mathiews tampered with the investigation or otherwise poorly performed his job. Furthermore, Johnson has admitted, in open court, that he possessed and looked at child pornography. ECF No. 61; ECF No. 63. Even if Mathiews's conducted himself poorly during the investigation, it would have no bearing on Johnson's conviction or sentence because the Court never considered the evidence Mathiews gathered. Therefore, ground two is meritless and is **DENIED**.

### C. DeBye did not provide ineffective assistance of counsel, so Johnson cannot seek relief under § 2255 on that basis.

Johnson's third ground for relief alleges that his first trial attorney Stephen Debye provided ineffective assistance of counsel, which violated Johnson's Sixth Amendment right to effective assistance of counsel. Specifically, Johnson alleges that DeBye never explained the charge against him, did not mention that the charge included trafficking child pornography, and withdrew from his case without notice. ECF No. 78 at 7, 15. When evaluating the constitutional adequacy of an attorney's performance, courts utilize the two-pronged *Strickland* test. The first prong concerns the quality of the performance itself; an attorney must fail to provide "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The second prong concerns the result of the inadequate counsel; the defendant must also have suffered actual prejudice because of his counsel's grievous errors. *Id.* at 691. Neither prong is satisfied with respect to DeBye.

DeBye's assistance falls far above the low bar that constitutes ineffective assistance of counsel. The record is quite clear: DeBye met with Johnson and his mother on many occasions, he managed to get the government to agree to put him in a halfway house pending trial, he moved to continue twice to allow the government more time to comb through the evidence it gathered, and he provided Johnson with all the information and discovery he could. ECF No. 99-3. This has all the makings of good representation and competent counsel. Furthermore, the specific allegations

8

Johnson makes have no basis in the record. Firstly, DeBye explained the charge levelled against Johnson, as evidenced by Johnson saying he understood them and waiving the preliminary hearing. *Id*. at 3. Secondly, DeBye did not explain the trafficking charge against Johnson because Johnson was not charged with trafficking child pornography, only with simple possession. *Id*. at 4. Finally, DeBye timely and properly filed his Motion to Withdraw, and new counsel was quickly appointed to represent him. *Id*. at 2. Nothing substantial happened during the three weeks or so between DeBye leaving Magana & Assoc. and Striegler's appointment, so it is hard to imagine how DeBye's withdrawal constitutes ineffective assistance of counsel. Attorneys may withdraw from cases; indeed, they must withdraw when they no longer work with the firm a client hired. Thus, DeBye did not provide ineffective assistance of counsel.

Even if DeBye's counsel were inadequate, Johnson does not provide any evidence that said counsel prejudiced DeBye during sentencing. Johnson pleaded guilty in April 2018, one month after DeBye withdrew from his case, and the three sentencing hearings during which the court imposed an upward variance occurred in the months following his guilty plea. ECF No. 62; ECF No. 61; ECF No. 63; ECF No. 64. The gap between DeBye's withdrawal and every consequential development in Johnson's case was more than adequate for new counsel to correct any catastrophic errors DeBye may have made. Thus, DeBye's counsel in no way caused Johnson to suffer actual prejudice.

Therefore, ground three is meritless and is **DENIED**.

**D. Striegler did not provide ineffective assistance of counsel, so Johnson cannot seek relief under § 2255 on that basis.**

Johnson's fourth and final ground for relief alleges that his second trial attorney Steven Striegler provided ineffective assistance of counsel, which violated Johnson's Sixth Amendment right to effective assistance of counsel. Specifically, Johnson states that Striegler never explained

9

the charge against him, never explained anything and "forced" him to plead guilty, and never reviewed the evidence with him, leaving him to speculate on his own. ECF No. 78 at 8, 16. Unlike ground three, if Johnson's allegations are supported by the record, Striegler's actions would likely have prejudiced Johnson and relief under § 2255 would be appropriate. However, Johnson's allegations are unsupported, so ground 4 is likewise meritless because Striegler provided "reasonably effective assistance."

First, Johnson alleges that Striegler never explained the nature of the charge against him. This allegation is flatly contradicted by Striegler's sworn affidavit as well as Johnson's statements in open court. ECF No. 62; ECF No. 99-4 at 2. There exists every indication that Johnson understood his charge. Secondly, Johnson alleges that Striegler, without reviewing the evidence against him or informing him of the consequences of pleading guilty, "forced" him to plead guilty. Again, this allegation is contradicted by Striegler's affidavit. ECF No. 99-4 at 2. Furthermore, Johnson admitted in open court that he understood the consequences of pleading guilty and understood the breadth and nature of the evidence the government had at its disposal. ECF No. 62. Thus, the ground four of Johnson's § 2255 motion has no factual basis in the record.

Therefore, ground four is meritless and is **DENIED**.

### IV. Evidentiary Hearing

An evidentiary hearing on a § 2255 motion is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)). Because the issue presented in this case can be resolved on the basis of the record, the Court finds an evidentiary hearing is not required.

## V.  Conclusion

Accordingly,

Petitioner's § 2255 Motion is meritless and is therefore **DENIED**.

**IT IS ORDERED** that Movant Jon Mark Johnson's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 545) is **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions related to Johnson's § 2255 Motion, if any, are **DENIED AS MOOT**.

## VI. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In this case, reasonable jurists could not debate the dismissal or denial of Petitioner's

§ 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Id*. Thus, a certificate of appealability shall not be issued.

It is so **ORDERED**.

Signed on June 7th,  2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE